UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| LAFAWN JANIS, <br><br> Plaintiff, <br><br> vs. <br><br> DAVID JANAK, CINDY MOHLER, PENNINGTON COUNTY AUDITOR SUED IN HER OFFICIAL AND INDIVIDUAL CAPACITY ONLY; <br><br> Defendants. | 5:19-CV-05032-KES <br><br><br> ORDER GRANTING MOTION TO DISMISS |

In a complaint and motion papers filed April 5, 2019, plaintiff, Lafawn Janis, alleges that defendant, David Janak, violated her constitutional rights by disqualifying Janis as a candidate for Area 3 of Rapid City Area School District 51-4 school board. Docket 1. Janis moves for a preliminary and permanent injunction prohibiting Cindy Mohler, Pennington County Auditor, from printing ballots for the June 4, 2019 election "until the court issues an order in this dispute" and prohibiting Mohler from omitting Janis's name from the ballot, or alternatively, prohibiting her opponent, Brian K. Johnson, from being a candidate in the election. *Id.* at 7. Janak moves to dismiss the complaint. Docket 16. A motion hearing was held on April 12, 2019. Docket 22. For the reasons stated below, this court grants Janak's motion to dismiss.

# FACTS

The facts alleged in the complaint, taken as true, and the testimony and evidence presented at the motion hearing are as follows:

Lafawn Janis is a candidate for Area 3 of the Rapid City Area School District 51-4 school board. Docket 1 ¶ 1. Janis timely filed nominating petitions for her school board candidacy with David Janak, the Assistant Superintendent for Fiscal and Support Services and business manager of the Rapid City Area School District. *Id.* ¶ 4. Under SDCL § 13-7-6, "the filing of the nominating petition shall constitute nomination and will entitle the candidate to have the candidate's name placed on the ballot for the term the candidate specifies on the petition only upon verification signed by the business manager that the nominating petition contains the minimum number of signatures and that the candidate is a resident voter." Janak verified to Janis that her petitions contained the minimum numbers of signatures and that she was a registered voter. Docket 1 ¶ 6. On March 26, 2019, Janak "reported to the Pennington County Auditor that Janis had qualified as a candidate." *Id.* ¶ 7. On April 2, 2019, Janak disqualified Janis's petitions after they were challenged by Christopher Green, an area 3 resident. *Id.* ¶ 9; *see also* Docket 23, Exhibit 5. Specifically, Janak said Janis's nominating petition was challenged because Janis did not specify "area 3" in the heading section of the petition and thus did not meet the requirements of S.D. Admin. R. 05:02:08:00.01. Docket 1 ¶¶ 8-9; *see also* Docket 23, Exhibits 1, 5. In his own affidavit, Janak said that "Ms. Janis failed to identify which representation area

2

she was running for" in the heading section of her petitions, and due to the mandatory language of the instructions to the candidates, Janis's heading was incomplete under S.D. Admin. R. 05:02:08. Docket 23, Exhibit 10 ¶ 11.

After checking the nominating petitions of her opponent, Brian K. Johnson, Janis challenged the validity of Johnson's petitions for the same alleged defect. Docket 1 ¶ 11; *see also* Docket 23, Exhibits 6, 7. Janis alleged that Johnson's petitions were also invalid because Johnson's petitions omitted the "(in _____ representation area, if applicable)" language in the heading section and also failed to state that he was running for "Rapid City" area school district. Docket 23, Exhibit 7. Thus, Janis argued Johnson's nominating petitions were not in the proper form required by S.D. Admin. R. 5:02:08:00.01. *Id.* On April 2, 2019, Janak informed Janis that her challenge to Johnson's petitions was denied because "while the language in the Johnson petition is not in the same order as that on the petition you filed, all of the content is there." Docket 23, Exhibit 8. Janak suggested that Johnson's petitions "contains the office he is running for, identifies the area, the school district, and that he is a resident of the area that he is running in" in the heading of his petition, unlike Janis's petitions. *Id.* Janak determined that because S.D. Admin. R. 05:02:08:11 states in the instructions to the candidate that both the heading of the petition and the declaration of candidacy must be fully completed, Janis's heading was incomplete, but Johnson's was complete. Docket 23, Exhibit 10 ¶¶ 10-17. Because Johnson's heading had the necessary

3

requirements and Janis's heading did not, Janak found Johnson's petitions to be valid. *Id.* ¶¶ 11, 14-16.

Janis filed this suit under 42 U.S.C. § 1983, claiming that Janak violated her rights to due process of law and equal protection under the Fourteenth Amendment. Docket 1 ¶¶ 24, 26. Janis also filed a motion for a preliminary and permanent injunction under Federal Rule of Civil Procedure 65(a), requesting the court prohibit Cindy Mohler, Pennington County Auditor, from omitting Janis's name from the ballot, or alternatively prohibiting her opponent from being a candidate in the election. Docket 3. The court held a motion hearing on April 12, 2019. Docket 22. At the hearing both Janis and Janak testified. *Id.* Janak testified that based on his interpretation of S.D. Admin R. 05:02:08:11, Johnson's petitions were not disqualified because in the heading section of Johnson's petitions "all of the required components are there . . . [t]hey may not be in the right order, but they are there." Docket 28 at 38. Janak testified that, applying that same standard to Janis's petitions, all of the required components are on her petitions, just not in the heading section. *Id.* at 42-43.

Janak also testified that in 2018, Collin Boechler was allowed to run for Rapid City School Board even though his petition was identical to Janis's petitions and left blank the "(in _____ representation area, if applicable)" section in the heading. *Id.* at 45-47; *see also* Docket 23, Exhibit 9. Janak admitted that Boechler's petition is the same in all material respects to Janis's disqualified petitions. Docket 28 at 46. As to why Boechler could run for school

board and Janis was disqualified, Janak testified that it is only after a petition is challenged that the business manager looks beyond the number of signatures and residency requirement of the candidate. *Id.* at 47-48. Thus, because Boechler's petition was not challenged, Boechler was not disqualified.

## LEGAL STANDARD

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation omitted). To decide the motion to dismiss under Rule 12(b)(6), the court may consider the complaint, some materials that are part of the public record, and materials embraced by the complaint. *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

## DISCUSSION

A federal court must have jurisdiction over a matter before it grants preliminary or permanent relief. *Bruce H. Lien Co. v. Three Affiliated Tribes*, 93 F.3d 1412, 1422 (8th Cir. 1996). Janak first argues that this court lacks

5

jurisdiction over Janis's claims because Janis has failed to exhaust the election state law remedies. Docket 17 at 5. Janak argues that subject matter jurisdiction over this matter "rests entirely with the circuit courts for the State of South Dakota" because of SDCL § 12-1-13. *Id.* at 6. Janak argues that the state of South Dakota defines and administers elections, and points to SDCL § 12-1-13, in which the South Dakota legislature provides a recourse for election issues by enacting a right to appeal an election decision to circuit courts. Section 12-1-13 provides that "the decision of the secretary of state or the person in charge of the election regarding a challenge may not be challenged a second time with the secretary of state or the person in charge of the election, but may be appealed to the circuit court." Because the state provides remedies concerning the administration of elections, Janak argues the court should abstain from exercising jurisdiction under *Younger v. Harris*, 401 U.S. 37 (1971). Docket 17 at 9. Janis argues that this court should not abstain. Docket 26 at 22-25.

Federal courts of appeals, guided by federalism and judicial economy, have distinguished between cases where a federal court should hear election issues and those where a federal court should abstain or dismiss. *See, e.g.*, *Shannon v. Jacobowitz*, 394 F.3d 90, 97 (2d Cir. 2005) (citing *Powell v. Power*, 426 F.3d 84, 86 (2d Cir. 1970) (noting that federal courts are not inclined to hear election administrative issues when state election law "has been in the exclusive cognizance of the state courts.")). Specifically, the Eighth Circuit has held that a federal court should not oversee the administrative details of a state

6

election in the absence of aggravating factors. *Pettengill v. Putnam County R-1 Sch. Dist.*, 472 F.2d 121, 122 (8th Cir. 1973) (citations omitted). In *Pettengill*, county residents brought a § 1983 action to set aside a school bond election held by the school district because of election irregularities with residency requirements. *Id.* at 121-22. The plaintiffs argued that the school board's standards amounted to a deprivation of their right to a fundamentally fair election and their fundamental right to vote. *Id.* at 122. The Eighth Circuit affirmed the dismissal of the § 1983 action because a federal court should not be the arbiter of a local election issue. *Id.* The Eighth Circuit explained,

> In essence, the appellants' complaint asks the federal court to oversee the administrative details of a local election. We find no constitutional basis for doing so in the absence of aggravating factors such as denying the right of citizens to vote for reasons of race, or fraudulent interference with a free election by stuffing of the ballot box, or other unlawful conduct which interferes with the individual's right to vote.

*Id.* (internal citations omitted). The *Pettengill* court went further to say that even when a state provides no forum for an election challenge, federal courts should abstain from hearing a procedural due process claim. *See id.* at 122-23 (noting "[a]ppellants complain that the state courts of Missouri will not afford them a forum for their complaint. The lack of a state remedy to appellants does not alone operate to give federal jurisdiction over their cause." (internal citation omitted)). The Eighth Circuit has expanded on *Pettengill,* observing that state election procedures should only be challenged in federal court in limited circumstances, "such as when the complained of conduct discriminates against a discrete group of voters . . . or when the willful and illegal conduct of election

7

officials" result in a fraudulent election. *Nolles v. State Comm. for Reorganization of Sch. Dists.*, 524 F.3d 892, 898-99 (8th Cir. 2008) (internal citations omitted).

Other circuits have also held that federal courts should abstain from ruling on a § 1983 procedural due process election issue and dismiss the action where state review procedures provide an appropriate avenue for redress. *See Griffin v. Burns*, 570 F.2d 1065, 1077-78 (1st Cir. 1978) (treating the election process as "including as part thereof the state's administrative and judicial corrective process" and holding that federal courts should not intervene in state election administration as long as "the alleged misconduct is lacking in 'enormity' " and the state administrative remedy is adequate); *Powell*, 436 F.2d at 86 (asserting that a federal court should not be the arbiter of disputes such as reviewing "certificates of election for all manner of error and insufficiency"); *Hennings v. Grafton*, 523 F.2d 861, 864 (7th Cir. 1975) (suggesting that a state official's human error or negligence does not give rise to a constitutional claim for a federal court to hear); *Curry v. Baker*, 802 F.2d 1302, 1304 (11th Cir. 1986) (noting that state courts constitute "far better forums" for resolving state and local election disputes). And district courts in the Eighth Circuit have followed *Petttengill* and abstained from exercising jurisdiction when it would require the court to oversee the administrative details of every election. *See Hartmann v. Schauer*, 2017 WL 3575851 (D. Minn. Aug. 18, 2017); *Minnesota Voters All. v. Ritchie*, 890 F. Supp. 2d 1106, 1112 (D. Minn. 2012) (explaining that the Eighth Circuit in *Pettengill* has held that there is not a federal

8

constitutional basis for a federal court to oversee administrative details of a local, state election absent aggravating factors); *see also Walker v. Barnett*, No. 4:18-CV-04015-LLP, 2019 WL 1428723, at *5 (D.S.D. Mar. 29, 2019).

Here, Janis's pleadings contend that Janak's actions violated her procedural due process and equal protection rights. Docket 1. But at this point, Janis has presented no evidence to the court that Janak's actions were because of her race, fraudulent or purposeful interference, unlawful conduct, or discriminatory intent. Janis does not raise any of the "aggravating factors" identified in *Pettengill*. 472 F.2d at 122. Instead, the issue of procedural due process presented at the motion hearing and in the parties' pleadings and briefs concern the factual, administrative actions of Janak and the compliance or noncompliance of the challenged petitions with South Dakota administrative rules. To rule on the issuance of a permanent injunction, this court would have to make a factual determination on whether Johnson and Janis properly complied with S.D. Admin. R. 05:02:08:00, 05:02:08:00.01, and 05:02:08:11, and whether Janak properly interpreted these South Dakota administrative rules. This court's determination would thus result in a federal court deciding how a school board manager should interpret state laws and state regulations governing nominating petitions and local elections. This type of determination would oversee the administrative details of a local election, an issue the Eighth Circuit in *Pettengill* held courts should refrain from reviewing.

Finally, Janak requests the court to abstain because of the underlying

principles of federal-state comity articulated in *Younger v. Harris*. 401 U.S. 37 (1971). The court is not abstaining because of *Younger*, but is dismissing the action because the Eighth Circuit has held in *Pettengill* that there is no constitutional basis for a federal court to oversee the administrative details of a state election absent aggravating factors, especially when a state law remedy is available. 472 F.2d at 122. This is, in part, because federal claims alleging constitutional violations should not be considered when an adequate state law remedy is, or was, available to correct the claimed harm. *See Parratt v. Taylor*, 451 U.S. 527, 542-44 (1981) (*overruled on other grounds by Daniel v. Williams*, 474 U.S. 327, 330-31 (1986). The Eighth Circuit has held that plaintiffs should avail themselves to state law remedies before raising a procedural due process claim in federal court. *See Ali v. Ramsdell*, 423 F.3d 810, 814 (8th Cir. 2005) (noting, "the claimant must either avail himself of the remedies guaranteed by state law or prove that the available remedies are inadequate." (internal quotation omitted)). The Eighth Circuit has also affirmed the abstention of a district court when the state had administrative and appellate processes that provided an adequate forum for the plaintiff to raise election constitutional issues. *See Geier v. Missouri Ethics Comm'n*, 715 F.3d 674, 679 (8th Cir. 2013). As discussed above, the *Pettengill* court held that even when a state provides no forum for an election challenge, federal courts should refrain from hearing a procedural due process claim and overseeing the administrative details of a local election. 472 F.2d at 122. Where abstention is appropriate, "the district

court generally must dismiss the action, not stay it . . . ." *Tony Alamo Christian Ministries v. Selig*, 664 F.3d 1245, 1251 (8th Cir. 2012).

Here, state remedies available to Janis are adequate. The South Dakota Constitution provides that the South Dakota Legislature must define voting procedures including "the administration of elections [and] the nomination of candidates . . . ." S.D. Const. art. VII, § 3. The South Dakota Legislature has set forth administrative remedies to challenge nominating petitions and to appeal the decisions of those in charge of local and state elections. *See* SDCL § 12-1-13. After the individual in charge of the election has made a decision on the challenge, the decision may be appealed to circuit court. *Id.* This statutory scheme provides an administrative remedy for a decision by the secretary of state or person in charge of an election. *Id.* Janis can appeal Janak's administrative findings and the disqualification of her nominating petition to circuit court, or Janis can appeal Janak's administrative findings and lack of disqualification of Johnson's petition to a circuit court. South Dakota provides a forum for election administrative challenges, and thus this court will not interfere.

**CONCLUSION**

Janis and Janak's arguments rest on a determination of S.D. Admin. R. 05:02:08 and administrative rules for the state of South Dakota. Based on *Pettengill* and other Eighth Circuit precedent, in the absence of aggravating factors, this court will not rule on an administrative election issue when the

11

South Dakota Legislature has provided an adequate remedy and forum. Thus, Janis's action is dismissed without prejudice. It is

ORDERED that Janak's motion to dismiss is granted.

Dated April 26, 2019.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE